# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JONATHAN ELLINGTON TAYLOR,**<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC,**<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>and<br><br>**NISSAN MOTOR ACCEPTANCE CORP.**<br><br>Defendants. | CASE NO. |

## COMPLAINT
## [JURY DEMAND ENDORSED HEREIN]

## PRELIMINARY STATEMENT

1.     Plaintiff, Jonathan Ellington Taylor brings this civil action for damages against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Nissan Motor Acceptance Corp. ("Nissan") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

## THE PARTIES

2.     Mr. Taylor is a natural person domiciled in Germantown, Ohio.

3.     Equifax is a Georgia limited liability company registered to conduct business in the State of Ohio with a principal place of business in Atlanta, Georgia.

4. Experian is an California corporation registered to conduct business in the State of Ohio with principal place of business in Costa Mesa, California.

5. Nissan is a California corporation registered to conduct business in the State of Ohio with a principal place of business in Franklin, Tennessee.

**JURISDICTION & VENUE**

6. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Southern District of Ohio, and all Defendants possess sufficient contacts with this District to be deemed to reside in this District.

**FACTUAL ALLEGATIONS**

8. Mr. Taylor is a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

9. Equifax and Experian are "consumer reporting agencies" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

10. Nissan is a furnisher of credit information as that term is defined by the FCRA. 15 U.S.C. §1681s-2.

11. Equifax and Experian have been and continue to sell credit reports about Mr. Taylor.

12. These credit reports sold by Equifax and Experian are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

13. Equifax's credit reports have included false, inaccurate, misleading and/or

incomplete information including but not limited to records of unpaid state tax liens that do not belong to Mr. Taylor.

14. The inaccurate information included on Mr. Taylor's Equifax reports were the result of Equifax's failure to follow reasonable procedures to assure maximum possible accuracy, *inter alia,* by: mixing public records that belong to another person; failing to employ procedures to properly match public records of individuals with common names; failing to employ procedures to properly match public records of individuals who have family members with similar names; relying on incomplete and misleading public record information; and failing to consider and review the actual public records prior to including those records on consumer reports.

15. Equifax acted recklessly by failing to follow reasonable procedures to assure maximum possible accuracy as described above, and further, Equifax knew or should have known that the procedures it follows to prepare consumer reports will result in inaccuracies similar or identical to the inaccuracies that appeared on the Report prepared about Mr. Taylor.

16. Experian's credit reports have included false, inaccurate, misleading and/or incomplete information including but not limited to inaccurate payment histories associated with Plaintiff's Nissan and Synchrony/JC Penney credit accounts.

17. Mr. Taylor has disputed the inaccurate information on his Experian reports with Experian directly since at least June 2018.

18. Experian, however, responded to Mr. Taylor's disputes by informing Mr. Taylor that it refused to correct the inaccurate information disputed.

19. Experian negligently and recklessly failed to conduct a reasonable investigation of Ms. Taylor's disputes, *inter alia*, by: failing to conduct any investigation into the inaccurate information at all; failing to review and consider the information submitted by Mr. Taylor; failing

to contact Mr. Taylor to elicit more specific information about his disputes; and/or failing to properly communicate the substance of Mr. Taylor's dispute to the relevant furnisher of the account at issue.

20. Experian also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and/or misleading account information similar or identical to the result of Mr. Taylor's disputes.

21. Nissan has also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Mr. Taylor's disputes from Experian, *inter alia,* by failing to conduct any investigation into the inaccurate information at all; failing to properly review the relevant account information; failing to review and consider information submitted by Mr. Taylor; failing to contact Mr. Taylor to elicit more specific information about his disputes; and/or failing to report the account as disputed.

22. Nissan also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of Mr. Taylor's disputes.

23. Mr. Taylor has suffered injuries as result of Defendants' conduct described above including but not limited to: denial of credit, harm to credit reputation, harm to credit score, humiliation, embarrassment, time lost disputing and emotional distress.

24. Defendants was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants at all times relevant hereto.

## COUNT I - EQUIFAX
## VIOLATIONS OF THE FCRA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Equifax violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Mr. Taylor as described above. 15 U.S.C. § 1681e(b).

27. The conduct of Equifax was a direct and proximate cause and/or substantial factor in causing the injuries to Mr. Taylor as described above.

28. As a result of the violations of the FCRA by Equifax identified herein, Equifax is liable to Mr. Taylor for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C §1681n & 1681o.

## COUNT II - EXPERIAN
## VIOLATIONS OF THE FCRA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Experian violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Mr. Taylor as described above. 15 U.S.C. § 1681e(b).

31. Experian also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Mr. Taylor's disputes as described above. 15 U.S.C. §1681i(a).

32. The conduct of Experian was a direct and proximate cause and/or substantial factor in causing the injuries to Mr. Taylor as described above.

33. As a result of the violations of the FCRA by Experian identified herein, Experian

is liable to Mr. Taylor for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§1681n & 1681o.

### COUNT III - NISSAN
### VIOLATIONS OF THE FCRA

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Nissan violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Mr. Taylor's disputes as described above. 15 U.S.C. §1681s-2(b).

36. The conduct of Nissan was a direct and proximate cause and/or substantial factor in causing the injuries to Mr. Taylor as described above.

37. As a result of the violations of the FCRA by Nissan as identified herein, Nissan is liable to Mr. Taylor for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§1681n & 1681o.

### PRAYER FOR RELIEF

Plaintiff requests judgment in his favor and against all Defendants for damages to include statutory damages, actual damages, punitive damages, costs of this action, reasonable attorney's fees and such other relief that this Court deems proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

                                                Respectfully submitted,

                                                O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA CO., LPA

                                                /s/ Matthew A. Dooley
                                                Matthew A. Dooley (0081482)
                                                5455 Detroit Road
                                                Sheffield Village, Ohio 44054

Telephone: (440) 930-4001
Facsimile: (440) 934-7208
 Email:  mdooley@omdplaw.com

GORSKI LAW, PLLC
Gregory Gorski *
1635 Market Street, Suite 1600
Philadelphia, PA 19103
Telephone: 215-330-2100
Email:  greg@greggorskilaw.com
*Counsel for Plaintiff*
* *Pro Hac Vice Application to be filed*

Dated:  July 16, 2019